IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JOE RICHARD RANDLE JR. | § | |
| v. | § | CIVIL ACTION NO. 9:08cv32 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Joe Richard Randle, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of disciplinary action taken against him by officials of the Texas Department of Criminal Justice, Correctional institution Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Randle was convicted of the offense of sexual misconduct. He contended in effect that the evidence was insufficient to support the conviction and that he was denied due process in that the charging officer did not attempt to informally resolve the problem before writing him the case. The Respondent was ordered to answer Randle's petition and did so, and also furnished state records pertaining to the incident. Randle filed a response to the answer.

After review of the pleadings and records, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge concluded that sufficient evidence existed to support the finding of guilt and that Randle received the process which he was due under the Constitution and laws of the United States. The Magistrate Judge also recommended that Randle be denied a certificate of appealability *sua sponte*.

Randle filed objections to the Magistrate Judge's Report on December 2, 2008. In these objections, Randle says that on June 16, 2008, prior to the filing of the Respondent's answer, the disciplinary case about which he complained was expunged and deleted from his records. Nonetheless, he asks that he be granted a certificate of appealability.

On December 4, 2008, the Respondent filed an advisory stating that an investigation has confirmed that the disciplinary case has been removed from his record, and that the petition is therefore moot. Randle filed an objection to this advisory saying that he is entitled to notice that will reflect that this disciplinary cause has been deleted and that all agencies (including the Texas Board of Pardons and Paroles) have been notified of this fact; he says that his claim is not moot because there is relief to which he is entitled.

The expunging of the disciplinary case from Randle's records renders his claims for federal habeas corpus relief moot. *See* Burch v. Director, TDCJ-CID, civil action no. 5:08cv2 (E.D.Tex., March 4, 2008) (unpublished) (available on WESTLAW at 2008 WL 910044), *citing* Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987); Jennings v. Dretke, civil action no. H-03-3454 (S.D.Tex., May 2, 2005) (unpublished) (available on WESTLAW at 2005 WL 1155170). Randle has not shown any additional relief to which he may be entitled through a federal habeas corpus proceeding, much less that any such requested relief implicates any constitutionally protected liberty interests. A review of the Magistrate Judge's Report shows that this Report was correct; however, because the disciplinary case has been expunged from Randle's record, his habeas corpus petition is more appropriately dismissed as moot. Randle has not shown that he is entitled to a certificate of appealability on the mootness issue and so such a certificate should be denied *sua sponte*.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the pleadings by the parties indicating that the disciplinary case at issue has been expunged, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that while the Report of the Magistrate Judge is correct, the petition is more appropriately dismissed as moot. It is accordingly

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED as moot. It is further

ORDERED that the Petitioner Joe Richard Randle is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **16** day of **December, 2008.**

_____
Ron Clark, United States District Judge